**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 26-80840-CIV-CANNON**

**DOUGLAS BAKER**,

Plaintiff,

v.

**DEDICATED SLEEP, LLC**
and **JILL MARIE GLENN,**

Defendants.
_________________________________/

**ORDER GRANTING PLAINTIFF'S MOTION**
**FOR ALTERNATIVE SERVICE BY MAIL**

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Alternative Service by Mail ("the Motion") [ECF No. 6]. Upon review of the Motion, the entire record, the applicable law, and otherwise being fully advised in the premises, it is hereby **ORDERED** as follows:

1. The Motion [ECF No. 6] is **GRANTED** in accordance with this Order.
2. Federal Rule of Civil Procedure 4(e) authorizes a party bringing suit to effectuate service according to the law of the state where the Court is located or where the defendant is to be served. Fed. R, Civ. P. 4(e). Defendant Jill Marie Glenn is alleged to reside in Oregon and also is the registered agent for Defendant Dedicated Sleep, LLC. Accordingly, Plaintiff is permitted to rely on service requirements as dictated under Oregon law. Doing so here, Oregon Rule of Civil Procedure 7 (D)(6) permits a court "to allow alternative service by any method or combination of methods that, under the circumstances, is most reasonably calculated to apprise the defendant of the existence and pendency of the action" when "it appears that service is not possible under any method otherwise specified" by Oregon law.

Or. R. Civ. Pro. 7 (D)(6). That standard has been satisfied here. Specifically, Plaintiff details his repeated attempts to serve Defendants, including by (1) having a service processer attempt personal service at Defendant Jill Marie Glenn's personal residence on at least three occasions, (2) mailing service to Defendant Jill Marie Glenn under Oregon Rule of Civil Procedure 7 D(2),[1] and (3) seeking to effectuate service of process, unsuccessfully, through Defendant Dedicate Sleep, LLC's Chief Legal Officer [ECF No. 6]. The Court concludes, therefore, that Plaintiff has provided cause to authorize alternative service under Oregon Rule of Civil Procedure 7 (D)(6), which permits Plaintiff to serve Defendants by "mail[ing] true copies of the summons and the complaint to the defendant[s] at [their current] address by first class mail and any of the following: certified, registered, or express mail, return receipt requested." Or. R. Civ. Pro. 7 (D)(6).

3. Plaintiff's deadline to serve Defendants in accordance with this Order is **October 15, 2026**, by which Plaintiff must comply with all of the docketing requirements in the Court's Order Requiring Docketed Proof of Service [ECF No. 5].

4. The Clerk is separately **DIRECTED** to mail a copy of this Order to Defendants at the addresses provided below.

**ORDERED** in Chambers at Fort Pierce, Florida, this 17th day of September 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

[1] Personal service on Defendant Jill Marie Glenn of the Complaint and summons as to Defendant Dedicated Sleep, LLC would effectuate service on Defendant Dedicated Sleep, LLC because Defendant Jill Marie Glenn is Defendant Dedicated Sleep, LLC's registered agent. *See* Or. R. Civ. Pro. D(3)(c)(i). The same is true for service by mail. *See* Or. R. Civ. Pro. D(3)(d)(ii)(B).

cc: counsel of record

**Jill Marie Glenn**
21260 South Springwater Road
Estacada, Oregon 97023

**Dedicated Sleep, LLC**
c/o Jill Marie Glenn
21260 South Springwater Road
Estacada, Oregon 97023